ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ADAM C. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-107 |
| | ) | |
| CHERYL PARSON, Superintendent, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Treutlen Probation Detention Center in Soperton, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he has been unable to pay an initial partial filing fee of $20.00. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. In his complaint, Plaintiff names as Defendants: (1) Cheryl Parson, Superintendent; (2) Van Harris, Assistant Superintendent; (3) Alfred McRae, Lieutenant; and (4) FNU Lyles, Sergeant. Plaintiff first alleges that he was not given a lighter work detail by Defendant Harris during the month of Ramadan, the month of fasting in the Islamic faith. (Doc. no. 1, p. 5). As a result, Plaintiff alleges that he was not able to pray at the appropriate time. (Id.). In addition, Plaintiff complains that pork was served to him during Ramadan, despite Defendant Harris's statement to Plaintiff that the Department of Corrections does not serve pork. (Id.). Plaintiff is also apparently dissatisfied with the type of religious services offered for Muslims at the detention center. (Id.).

## II. DISCUSSION

While Plaintiff names Defendant Parson, Defendant McRae, and Defendant Lyles as Defendants in the caption of his complaint, he asserts no allegations of wrongdoing against them in the statement of his claim. Indeed, the only Defendant he makes allegations against is Defendant Harris. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316,

2

1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between any actions of Defendants Parson, McRae, and Lyles with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants.

Moreover, to the extent Plaintiff may be attempting to assert a claim against Defendant Parson because of her supervisory position over the other named Defendants, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has made no allegation that Defendant Parson was personally involved with interfering with the free exercise of religion.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Parson and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a

3

history of widespread abuse[2] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendant Parson. Accordingly, Plaintiff also fails to state a claim for relief against Defendant Parson in her supervisory capacity.

### III. CONCLUSION

As Plaintiff has failed to state a claim upon which relief may be granted against Defendant Parson, Defendant McRae, or Defendant Lyles, the Court **REPORTS** and **RECOMMENDS** that these Defendants be **DISMISSED** from this action.[3]

SO REPORTED and RECOMMENDED this 17th day of February, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

[3] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Harris with respect to Plaintiff's First Amendment claim regarding alleged deprivations of his right to free exercise of religion.

4