ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 MAR 18 PM 3: 59
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ADAM C. BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 308-107 |
| CHERYL PARSON, Superintendent, et al., | ) ) ) | |
| Defendants. | ) | |

# ORDER

Plaintiff, an inmate formerly incarcerated at Treutlen Probation Detention Center in Soperton, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. On February 17, 2009, Plaintiff's complaint was screened in accordance with the IFP statute, 28 U.S.C. §§ 1915(e) & 1915A, and service of process was ordered on Defendant Harris. (Doc. no. 8). In a simultaneously filed Report and Recommendation, the Magistrate Judge found that Plaintiff had failed to state a claim for relief against Defendants Parson, McRae, and Lyles, and accordingly recommended that these Defendants be dismissed from this action. (Doc. no. 9).

No objections to the February 17th Report and Recommendation have been filed; however, Plaintiff's service copies of both the February 17th Order and Report and Recommendation were returned and marked as "undeliverable." (See docket entry dated Feb. 24, 2009). Thus, it is apparent that Plaintiff has failed to inform the Court of a change of address, making it impossible for the Court to communicate with him. Indeed, Plaintiff's

failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Court has specifically warned Plaintiff that "while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case, without prejudice." (Doc. no. 3, p. 4). The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., ___ F.3d ___, No. 07-11342, 2009 WL 250601, at *4 (11th Cir. Feb. 4, 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but also an

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

In sum, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant Parson, Defendant McRae, and Defendant Lyles are **DISMISSED** from this action for failure to state a claim upon which relief may be granted. Moreover, based on Plaintiff's failure to prosecute his case, the remaining claims against Defendant Harris are **DISMISSED** without prejudice, and this civil action is **CLOSED**.[3]

SO ORDERED this 18th day of March, 2009, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

[3] The **CLERK** is also **DIRECTED** to forward a copy of this Order to the United States Marshal, with this footnote highlighted, so that the Marshal is aware that the service of process ordered by the Court on February 17, 2009, (see doc. no. 8), is no longer necessary.